NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALTON RICHARD ERVIN, *Appellant.*

No. 1 CA-CR 21-0158
FILED 5-10-2022

Appeal from the Superior Court in Mohave County
No. S8015CR201901816
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1          Alton Richard Ervin appealed his convictions and sentences. Because Ervin died during the pendency of this proceeding, and for the following reasons, we dismiss his appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2          Ervin, a 74-year-old man with mild dementia, drove a van one night and improperly turned left into oncoming traffic. D.B. and his fiancée, B.M., swerved to avoid a collision and they landed in a ditch with enough force to deploy their car's airbags.

¶3          Ervin steered the van to the side of the road, about 10–15 feet from D.B.'s car. D.B. and B.M. exited their car. When they saw Ervin beginning to drive away, they ran toward the van, yelling and trying to stop him. B.M. approached the van's passenger side and pulled herself partly onto the front of the van. D.B. lunged toward the van's driver side and used Ervin's open window to hold himself up. D.B. screamed and cursed and then struck Ervin in the face two or three times.

¶4          As Ervin accelerated away, B.M. slid off the van and fell beneath it. Ervin dragged B.M. under the van for over 500 feet. She suffered severe, disfiguring injuries.

¶5          Ervin did not call 911 or return to the scene. He lived nearby, but instead of driving home, he parked in a nearby cul-de-sac and sat there in the van. Ervin drove home later that night and parked the van in his yard, behind a chain-link fence. Ervin called his friend Linda and told her he was "in big trouble" because he "felt a bump" and thought he hit "something" or "someone."

¶6          Police found the van and knocked on Ervin's door, but he did not answer. Ervin again called Linda, who went to Ervin's home and convinced him to talk to police by phone. Ervin asked one officer, "she ratted me out, didn't she?"

¶7            A jury found Ervin guilty of leaving the scene of an accident resulting in injury and two aggravated assault counts. The superior court sentenced Ervin to nine years' imprisonment.

¶8            Ervin timely appealed.

## DISCUSSION

¶9            Ervin raised multiple issues on appeal, challenging: (1) the superior court's determination of his competency; (2) the superior court's omission of certain jury instructions; (3) whether the evidence proved he caused B.M.'s injuries; and (4) whether one of his aggravated assault convictions required a separate dangerousness finding.

¶10           Ervin died after the State filed its answering brief, but before Ervin's reply brief was filed. Ervin's sister sought to intervene and requested for the appeal to proceed.

¶11           The Arizona Constitution guarantees a criminal defendant's right to appeal. Ariz. Const. art. 2, § 24. If a convicted defendant appeals but dies before disposition, we may dismiss the appeal as moot, decide the appeal on its merits, or implement some variation of both. *See State v. Reed*, 248 Ariz. 72, 80, ¶ 28 (2020).  Courts should only decide issues that are of statewide interest, remain in controversy, or are "capable of repetition so that court guidance would assist parties and the courts in future cases." *Id.* at 81, ¶ 31.

¶12           Ervin's appeal does not present issues that remain in controversy. In *Reed*, we found the defendant's appeal from a restitution order remained in controversy because the order compelled the defendant's wife to "pay the restitution amount to remove the liens from her home and vehicle." *Id.* at ¶ 33. Here, the reply brief identifies no issues that remain in controversy.

¶13           Nor do Ervin's arguments present issues of statewide interest or issues that will guide or assist courts in future cases. In *State v. Thompson*, the jury found the defendant guilty and imposed the death penalty. 252 Ariz. 279, 289, ¶ 20 (2022). The defendant died before our supreme court rendered its decision. *Id.* at 287, ¶ 1 n.2. The supreme court opted to decide *Thompson* on its merits, despite the defendant's death, because the imposition of capital punishment is a matter of statewide concern and "resolution of many issues in [that] case would assist parties and courts in future cases." *Id.*

¶14 Ervin's competency and jury instruction arguments are common, fact-specific inquiries. His other arguments, about causation and a separate dangerousness finding, are also resolvable with well-established legal authority. None of these issues are novel or share the severity and urgency inherent to death penalty cases. And while we understand a family's desire to pursue exoneration, that interest presents neither a unique legal issue nor a matter of statewide concern. Lacking a justification to decide Ervin's appeal on the merits, we conclude his appeal is moot. *See Reed*, 248 Ariz. at 80–81, ¶¶ 28, 31.

## CONCLUSION

¶15 We dismiss Ervin's appeal as moot.



AMY M. WOOD • Clerk of the Court
FILED: AA